[894 NYS2d 425]

In the Matter of EMMANUEL ROY, III (Admitted as EMMANUEL ROY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 18, 2010

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Eileen J. Shields* of counsel), for petitioner.

*McDonough & McDonough* (*Chris McDonough* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Emmanuel Roy, III was admitted to the practice of law in the State of New York by the Second Judicial Department on July 25, 2001. At all times relevant to the charges herein, he maintained an office for the practice of law within the First Judicial Department.

In June 2009, the Departmental Disciplinary Committee charged respondent with 38 charges, covering six matters, including two unrelated real estate transactions in which he represented the seller. In the first real estate matter, respondent inflated the sale price to obtain a higher mortgage and pocketed the excess. In the second, he allegedly converted client escrow funds.

On or about October 15, 2009, respondent was arrested and charged, with numerous codefendants, in a federal indictment alleging his participation in a multimillion dollar home mortgage fraud scam, unrelated to the disciplinary proceeding. On November 5, 2009, this Court denied respondent's application for a stay of the disciplinary hearing pending the resolution of the federal charges. A hearing on the disciplinary charges was held on November 10, 2009. Shortly thereafter, respondent advised the Departmental Disciplinary Committee that he wished to resign from the bar.

The Departmental Disciplinary Committee now asks this Court for an order, pursuant to Rules of this Court (22 NYCRR) § 603.11, accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys.

In his affidavit of resignation, sworn to on November 30, 2009, respondent states that: (1) his resignation is submitted freely, voluntarily and without coercion or duress, (2) he is fully aware of the implications of submitting his resignation, and (3) he received legal advice and guidance from his attorney (*see* 22 NYCRR 603.11 [a] [1]-[3]).

Respondent states that he is aware that the Departmental Disciplinary Committee has served him with a notice and

statement of charges alleging 38 violations of the disciplinary rules (a copy of which is attached to his affidavit) including 16 charges of dishonesty, fraud, deceit or misrepresentation in two unrelated real estate transactions "including allegations that I falsified a contract of sale and other mortgage documents to reflect an inflated sale price." Respondent states further that additional allegations include that he misappropriated funds he was holding in escrow and disbursed them for purposes other than those for which they were intended; that he made material misrepresentations to the small claims court in a subsequent action that arose from his conduct, including a false affidavit; that he applied for a credit card by engaging in identity theft; that he testified falsely in a deposition before the Departmental Disciplinary Committee and fabricated documents submitted to the Committee; that he neglected a client's legal matter; that he used a false and misleading name for his law firm; and that he did not maintain required escrow account records. Finally, respondent acknowledges that he cannot successfully defend himself against the pending charges.

Although respondent's counsel initially submitted an affirmation in opposition in which he objected to certain language and statements made by the Departmental Disciplinary Committee in their motion, counsel withdrew his affirmation by stipulation dated December 21, 2009, which also stated that the parties agreed to extend the return date of the instant motion from December 23 to December 31, 2009 "with this Court's permission." This Court has declined to extend the return date and no further papers have been submitted by either party.

Respondent's sworn submission satisfies the criteria of Rules of this Court (22 NYCRR) § 603.11, namely, that he is aware of the Departmental Disciplinary Committee's pending investigation and is unable to defend himself on the merits against the charges of misconduct and unethical practices, that his resignation is freely and voluntarily tendered without coercion or duress, and that he is fully aware of the implications of this intentional act of resignation.

Accordingly, the Departmental Disciplinary Committee's motion should be granted, respondent's resignation from the practice of law accepted, and his name stricken from the roll of attorneys, effective nunc pro tunc to November 30, 2009.

MAZZARELLI, J.P., ANDRIAS, FRIEDMAN, NARDELLI and MOSKO-WITZ, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to November 30, 2009.