[994 NYS2d 580]

In the Matter of ANDREW CHIN, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 9, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Andrew Chin was admitted to the practice of law in the State of New York by the First Judicial Department on July 9, 1984. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.

By order entered November 20, 2013, respondent was suspended, as part of a mass suspension, for failure to file registration statements and pay biennial registration fees. According to Office of Court Administration records, respondent is delinquent for the 2006-2007 through 2012-2013 biennial registration periods. To date, respondent has not sought his reinstatement. Rather, he has a filed an affidavit of resignation, sworn to on July 2, 2014.

The Committee now moves, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.11, for an order accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys. Respondent's affidavit of resignation complies with section 603.11 in that it includes respondent's averments that: (1) his resignation is submitted freely, voluntarily and without coercion or duress; and (2) that he is fully aware of the implications of submitting his resignation (see 22 NYCRR 603.11 [a] [1]).

Respondent avers further that he is aware that the Disciplinary Committee has filed formal charges against him alleging that he: (1) neglected a client's legal matter by failing to complete and file a condominium offering plan with the New York State Attorney General's Office; (2) attempted to deceive his client and others into believing that he had filed the offering plan by presenting to them a falsified approval letter made to appear as if it had been issued by the Attorney General's Office; (3) testified falsely at an examination under oath conducted by the Committee when he denied that he knowingly used the aforementioned falsified letter; (4) failed to return to a client the unearned portion of legal fees paid in advance; and (5) neglected another client's legal matter by failing to prosecute a civil action, withdrew the action at issue without prejudice without the client's consent or knowledge, failed to advise the client that he had withdrawn the action, and falsely promised the client that he would continue to work on the action (see § 603.11 [a] [2]).

In accordance with section 603.11 (a) (3), respondent further acknowledges that he cannot defend himself on the merits against these pending charges. He also indicates that he has not practiced law since approximately August 2011, and has no current plans to resume the practice of law.

We accept respondent's affidavit of resignation, as it fully complies with 22 NYCRR 603.11 (*see Matter of Hollander,* 109 AD3d 239 [1st Dept 2013]; *Matter of Gomelsky,* 107 AD3d 1 [1st Dept 2013]).

Accordingly, the Committee's motion should be granted to the extent of accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to July 2, 2014.

ACOSTA, J.P., RICHTER, MANZANET-DANIELS, FEINMAN and GISCHE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to July 2, 2014.