[19 NYS3d 721]

In the Matter of MICHAEL D. LEOPOLD, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 17, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Scalise Hamilton & Sheridan LLP* (*Deborah A. Scalise* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the Second Judicial Department on September 14, 1983, under the name Michael D. Leopold. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

By order entered January 29, 2015, this Court imposed an interim suspension on respondent, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i), for failure to cooperate with the Departmental Disciplinary Committee in its investigation of a complaint filed by former clients and of the default judgment entered against him in Westchester Supreme Court in a malpractice action. Thereafter, the Departmental Disciplinary Committee drafted formal charges addressing respondent's failure to cooperate, his in-court misconduct related to alleged escrow violations, and his neglect of a client matter. Respondent's counsel was advised that charges were to be served imminently. Subsequently, respondent submitted his affidavit of resignation to the Committee. The Committee now moves, pursuant to 22 NYCRR 603.11, for an order accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys.

Respondent's affidavit of resignation complies with section 603.11 in that it includes statements affirming that his resignation is submitted freely, voluntarily and without coercion or duress, and that he is fully aware of the implications of submitting his resignation (see 22 NYCRR 603.11 [a] [1]).

Respondent states that two of his clients, whom he represented in the purchase of their home, filed a disciplinary complaint against him and that, for four months, he disregarded the Committee's request for his file, and complied after he was served with a judicial subpoena. Further, the clients won a default judgment against respondent in a malpractice action, and when the Committee requested that respondent produce his tax returns, respondent failed to do so or appear before the Committee, despite being under subpoena. Respondent further acknowledges that he failed to respond to the

Committee's repeated requests for bookkeeping records for his attorney special account when checks were dishonored, and that he did not send the Committee proof of filing and payment of outstanding taxes as he represented he would in an August 25, 2014 affidavit opposing the Committee's motion to suspend him. Respondent also represented in the same affidavit that he would send the August 2014 statement for his attorney special account indicating that he had closed the account, and he acknowledges that he has not done so.

Respondent admits that, in connection with an inquiry into his evasion of an information subpoena after entry of the default judgment, his statement under oath to Westchester Supreme Court Justice Mary H. Smith that his tax returns for prior years were with his accountant and that he would produce them was false. In addition, respondent admits that he has not repaid and still owes a client the return of her $3,500 retainer payment, after he failed to file an appeal in a foreclosure motion on her behalf. Respondent states that he is willing to pay her as soon as he is financially able to do so.

In accordance with 22 NYCRR 603.11 (a) (3), respondent further acknowledges he is the subject of formal charges that the Committee is prepared to file alleging that he is guilty of misconduct involving a pattern of failing to cooperate with the Committee's lawful demands, defaulting on subpoenas, making a misrepresentation under oath to a Westchester County Supreme Court Justice, neglecting a client matter, and failing to return an unearned fee. Respondent acknowledges that he cannot defend himself on the merits against these pending allegations. He also expresses remorse and apologizes for his actions.

We accept respondent's affidavit of resignation, as it fully complies with 22 NYCRR 603.11 (*see Matter of Chin*, 123 AD3d 115 [1st Dept 2014]; *Matter of Hollander*, 109 AD3d 239 [1st Dept 2013]; *Matter of Roy*, 72 AD3d 117 [1st Dept 2010]).

Accordingly, the Committee's motion should be granted to the extent of accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to July 1, 2015.

FRIEDMAN, J.P., SWEENY, RENWICK, MOSKOWITZ and KAPNICK, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to July 1, 2015.