[37 NYS3d 708]

In the Matter of MATTHEW A. PEK (Admitted as MATTHEW ADAM PEK), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 21, 2016

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner.

*Matthew A. Pek*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Matthew A. Pek was admitted to the practice of law in the State of New York by the First Judicial Department on July 25, 2008 under the name Matthew Adam Pek. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By notice of motion, the Departmental Disciplinary Committee now moves for an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.11 accepting respondent's affidavit of resignation from the practice of law and striking his name from the roll of attorneys.

In September 2015, the Committee brought 20 charges against respondent alleging that he committed professional misconduct by, inter alia, neglecting clients' legal matters, repeatedly threatening criminal prosecution to gain an advantage in a civil case, using a client's resources without permission or authorization, and engaging in conduct that adversely reflects upon his fitness to practice law. In March 2016, the Committee served respondent with a notice of supplemental charges. Those eight additional charges arose out of respondent's purported improprieties in which he allegedly, inter alia, neglected a client matter, made false statements to a tribunal, and asserted frivolous claims in litigation.

During the course of the Committee's investigation, it became aware of two court orders sanctioning respondent. One order was based on his failure to appear in court for oral argument and untimely opposition to a contempt motion in which he stated that the court was "silly" to consider holding him in contempt. Respondent was also sanctioned in another action, after the court determined that respondent made false representations about and engaged in ad hominem attacks against opposing counsel in another client's civil matter. At an examination under oath conducted by the Committee, respondent admitted sending an email to his adversary in which he threatened to dispatch law enforcement agents to act on his behalf and against his adversary's client. Respondent additionally admitted that he defaulted while representing a client in a guardianship proceeding and told a third party that he would expose his extramarital affair if he did not agree to pay a client's legal fees.

In his affidavit of resignation, sworn to April 19, 2016, respondent acknowledges the admissions of attorney misconduct that he made at his examination under oath and states that he is aware of the pending disciplinary proceeding. Respondent states that his resignation is submitted freely, voluntarily, and without duress or coercion. He further asserts that he is fully aware of the implications of submitting his resignation, and that he cannot successfully defend himself on the merits against the charges.

Respondent's affidavit complies with 22 NYCRR 603.11 and we, therefore, accept his resignation (*Matter of Chin* 123 AD3d 115 [1st Dept 2014]; *Matter of Riley*, 115 AD3d 112 [1st Dept 2014]).

Accordingly, the Committee's motion should be granted to the extent of accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys, effective nunc pro tunc to April 19, 2016.

ACOSTA, J.P., RENWICK, SAXE, RICHTER and GISCHE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 19, 2016.